IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**IN THE MATTER OF A MEMBER**
**OF THE STATE BAR OF ARIZONA,**

**TORI S. BRYANT**
**ATTORNEY NO. 20391**
*Respondent.*

---

No.   SB-22-0062-AP
**Filed April 6, 2023**

---

Appeal of Order of Disbarment
Based on Reciprocal Discipline
from the Office of the Presiding Disciplinary Judge
The Honorable Margaret H. Downie, Presiding Judge
No. PDJ20229058

AFFIRMED

---

COUNSEL:

Tori S. Bryant, Chula Vista, CA

Maret Vessella, Chief Bar Counsel, State Bar of Arizona, Phoenix, Attorney for State Bar of Arizona

PER CURIAM:

¶1        Before the Court is an appeal of the Presiding Disciplinary Judge's Order of Disbarment Based on Reciprocal Discipline. Respondent Tori S. Bryant contends that the Presiding Disciplinary Judge ("PDJ") erred by suspending her pursuant to Arizona Supreme Court Rule 57(b) and argues that, although she was disbarred in another jurisdiction, disbarment in Arizona was unwarranted.   Based on the record, the PDJ did not err.

**¶2**      Respondent was previously suspended from the practice of law in Arizona for multiple Ethical Rule violations. Based on her prior Arizona suspension, the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") issued a reciprocal order of suspension. After Respondent was reinstated in the Ninth Circuit (and Arizona), she continued to miss deadlines and failed to respond to court orders.

**¶3**      The Ninth Circuit disbarred Respondent for repeated failures to comply with the court's rules and orders, and for conduct unbecoming a member of the court's bar.

**¶4**      Pursuant to Rule 57(b), once the PDJ receives notice that an attorney has been disciplined in another jurisdiction, the PDJ shall impose the identical or substantially similar discipline, unless bar counsel or respondent establishes by the preponderance of the evidence that one of the grounds set forth in Rule 57(b)(3)(A)–(D) applies. Unless one of the grounds is established, "a final adjudication in another jurisdiction that a lawyer has been found guilty of misconduct shall establish conclusively the misconduct for purposes of a discipline proceeding in this state." Ariz. R. Sup. Ct. 57(b)(5). "In reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein. Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, this Court will impose the very same sanction." *In re Sirkin*, 928 N.Y.S.2d 680, 683–84 (N.Y. App. Div. 2011) (internal citations omitted).

**¶5**      Respondent may not re-litigate the merits of the federal disbarment orders in this forum. *See In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). The PDJ's role in reciprocal discipline proceedings is not "to sit in appellate review of the foreign disciplinary proceedings, in order to determine whether they conformed in every respect to local procedural and substantive law." *In re Chaganti*, 144 A.3d 20, 24 (D.C. 2016) (quoting *In re Morrissey*, 648 A.2d 185, 190 (D.C.1994)). Rather, the PDJ's "function is to determine whether any serious defects were present in the foreign proceedings . . . such that it would be wrong to impose reciprocal discipline here." *Id.* (quoting *In re Morrissey*, 648 A.2d at 190) (alteration in original).

**¶6** Respondent was given a full and fair opportunity to respond to the allegations of misconduct before she was disbarred by the Ninth Circuit. And under the ABA Standards for Imposing Lawyer Sanctions ("ABA Standards"), the misconduct found by the Ninth Circuit would warrant disbarment in Arizona. *See* ABA Standard 4.41(b) ("Disbarment is generally appropriate when[] a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client[.]"); ABA Standard 4.51 ("Disbarment is generally appropriate when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures and causes injury or potential injury to a client[.]"); ABA Standard 8.1(b) ("Disbarment is generally appropriate when a lawyer[] has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.").

**¶7** Respondent offered to the PDJ and this Court reasons she believes disbarment is an overly harsh sanction. However, the time and place to offer such evidence was in the Ninth Circuit, which directed her to "file a statement in writing explaining why she should not be suspended or disbarred." She failed to do so.

**¶8** We find that Respondent did not establish by the preponderance of the evidence any exceptions set forth in Rule 57(b)(3). We therefore affirm the decision and sanction of the Presiding Disciplinary Judge.